HON. ROGER S. GREENE........................ do.     do.

A. W. MOORE.............................. .... CLERK.

## DILLIS B. WARD, *et al.*, *vs.* JOHN BUCKLEY.

If parties do not treat on equal grounds, equity will interfere for the protection of the weaker.

When a bargain is made by a person of strong mind, with one of weak mind, and, in a measure, under the control of the former, equity will modify the bargain, so far as is necessary for the protection of the weaker party; and for such purpose may rescind the contract.

While equity grants relief to those who have thus been overreached, it exacts equity as the condition upon which relief is granted.

Error to the Third District holding terms at Seattle.

*Elwood Evans* and *O. B. McFadden*, for plaintiffs in error.

*J. E. Wyche* and *J. J. McGilvra*, for defendant in error.

Opinion by JACOBS, Chief Justice.

The facts necessary to a correct understanding of this suit are as follows:

On the 18th day of February, A. D., 1868, Dillis B. Ward and wife, plaintiffs in error, entered into a written agreement with John Buckley, an aged man in his seventy-first year, and afflicted with *diabetes*, to provide for him a home for the remainder of his life, to nurse him in sickness, to board him and to furnish him a room for his sole and exclusive use in the dwelling house occupied by plaintiffs in error, in the town of Seattle, county of King, and Territory aforesaid. In consideration of

279

the promises and understandings on the part of Ward and wife, Buckley promised.

1. To pay to said Ward and wife the sum of two hundred and fifty dollars per year, in such money as one McNatt, who owed said Buckley an annuity of four hundred dollars per year, should pay to said Buckley.

2. As a further consideration, Buckley promised to convey and did convey, to Daniel Bagley, trustee, for the use of Ward and wife, the following named real property, worth at the time about one thousand dollars: Lot 8, in block 8, in Boren's addition to town of Seattle; lots 1, 2, and 3, in block 4, in Denny's addition to town of Seattle; fractional W. $\frac{1}{2}$ of N. E. $\frac{1}{4}$; and fractional E. $\frac{1}{2}$ of N. W. $\frac{1}{4}$ of section 32, township 25 N., R. 4 E., containing $37\frac{1}{2}$ acres. In lieu of the two hundred and fifty dollars, for the first year, Buckley conveyed to Mrs. Ward, in fee, lot 7, in block 8, town of Seattle.

The above arrangement continued until June 12th, A. D., 1868, when it was rescinded by mutual consent, and the following disposition was made of the property: Lot 1, in block 4, in Denny's addition to town of Seattle, and the fractional quarters named above were deeded to Ward, and the remainder of the property, save lot 7, in block 8, as the parties understood it, were revested in Buckley by the cancellation in the county record of the deed of trust to Bagley.

Defendant in error alleged in his complaint that the first deed was obtained by undue influence exerted over him by Ward and wife, he being advanced in years, and in feeble condition of body and mind; and second, that Ward and wife neglected and refused to perform their part of the agreement. Buckley acknowledges that he sought the rescission of the first agreement, but alleges that he was so harassed and tormented by Ward and wife that he could no longer endure it. And he asks for the annulling of both agreements and a re-conveyance of all the property to him.

Every material allegation of the complaint is denied by the answer and it is further alleged that, subsequent to the making

of the first agreement, Buckley had entered into a contract of marriage with a widowed lady, and that such contract or desire to marry was the sole cause for the dissolution of the first agreement.   This is denied by the reply.

By consent of parties a jury was waived and a trial had before the judge at the August term of the court held at Seattle.

The findings of the judge who tried this cause were all against the plaintiff in the Court below.   He found,

1.   That Buckley, at the time he entered into the first agreement, had a contracting mind, that there was no mental imbecility arising from age, sickness or any other cause, that he was capable of managing his own affairs, and that he did manage his own affairs, both before and after said agreement, and that he prospered.

2.   That the consideration for the first agreement was a valuable and adequate one.

3.   That no fraud was perpetrated by Ward and wife, either actual or constructive, and that no undue influence was exerted by Ward and wife, or either of them, over Buckley.

4.   That Ward and wife carried out the agreement in good faith.

5.   That the agreement, under all the circumstances, was a reasonable one.

6.   That Buckley desired to rescind the agreement because he wanted to get married, and that this desire brought about a rescission.

These findings are not objected to by plaintiffs in error if they had been, this court is of the opinion, they are fully sustained by the evidence in the record brought here.   Back of these findings, therefore, plaintiffs in error cannot go.

But the judge further found that at the time of the rescission of the contract Buckley was to some extent in Ward's power, and therefore ordered that certain portions of the property settled upon Ward by the deed of rescission be re-conveyed to Buckley.   This finding and the order of court thereon is assigned as error.

36

It is true the judge who tried this suit in the Court below did not state the legal basis on which the order was formed as fully as he might, but that cannot affect the correctness of the decree, nor render the order erroneous. If one is in the power of another, to a certain extent; if they do not treat on equal grounds and an unconscionable bargain is obtained by the person having the power, equity will interfere and either modify the contract or rescind it altogether. *Wheeler vs. Smith, et al.*, 9 How. U. S., 76; *Whelan vs. Whelan*, 3 Cow., 571; *Huguen vs. Basely*, 3 Leading Cases in Equity and Notes.

What were the circumstances, as shown by the evidence? Buckley had conveyed most of his property to Ward and wife in fee, conditional to be defeated only in case of Buckley surviving Ward, an event which, considering the relative ages of the parties, was very improbable. Buckley desired to get married, but his circumstances were such that he could not marry and continue the original agreement, and in order to accomplish his desire he must induce Ward to rescind the agreement. Ward, uninfluenced by passion and satisfied with the agreement, upon the continuance of which he had formed his plans and calculations for the future, very naturally was opposed to its rescission. He was in possession, and that possession was strengthened by the muniments of title. Hence, we are of the opinion the parties did not treat for rescission on equal grounds. Buckley was in Ward's power, for he must either forego the gratification of the strongest passion of the human heart, or submit to the terms of rescission dictated by Ward. Ward did dictate the terms, and we think them inequitable. He exacted more than he in equity and good conscience was entitled to. But as Buckley voluntarily brought about the rescission of the contract and then entered into a new arrangement, which he asks this court to set aside, as he asks equity he must do equity and fully indemnify Ward for all the damages legitimately flowing from the rescission of the contract. And, in view of all the circumstances shown by the evidence in the record brought to this court, we see nothing in the decree of the Court below, as it was understood and intended, which is erroneous and unjust to Ward. We say understood and intended, because

it seems to be admitted that by an unintentional mistake made by the attorney who drew the decree in the Court below, more land was given to Buckley than the judge designed to give. The value of the property conveyed to Ward by the rescission was between four and five hundred dollars; but it must also be remembered that Ward's wife had already received a deed to a lot worth $250. The Court below divided the fractional quarters, giving three-fourths to Ward and one-fourth to Buckley. The Court also gave lot 1, in Block 4, in Denny's addition to the town of Seattle, to Buckley, and left the rest of the property just as the parties had placed it.

It is ordered that the judgment of the Court below be affirmed in all things, save this modification: That Ward convey to Buckley the undivided one-half of blocks 3, 9 and 14 instead of the undivided three-fourths of the same.

Kennedy, having been consulted by one of the parties before going on the bench, took no part in the decision of this case.